United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 10, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————

No. 04-50592
Summary Calendar

—————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TONY ZARATE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:04-CR-78-ALL
--------------------

Before Barksdale, Stewart, and Clement, Circuit Judges.

PER CURIAM:[*]

Tony Zarate appeals his jury conviction for distribution of marijuana to a person under 21 years of age within 1000 feet of a playground and distribution of marijuana within 1000 feet of a playground in violation of 21 U.S.C. §§ 841(a)(1), 859(a), and 860(a). Zarate argues that the district court erred in not dismissing sua sponte the indictment against him because a 16-year-old confidential informant was used to complete a controlled purchase of marijuana from him. Because Zarate did not raise

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

this issue in the district court, review is limited to plain error. See United States v. Green, 324 F.3d 275, 281 (5th Cir. 2003).

Zarate has not shown that the district court's not dismissing sua sponte the indictment on this basis was clear or obvious error. See id. The supervisory authority of the district court to dismiss an indictment with prejudice should be used to "1) implement a remedy for a violation of a recognized right, 2) to preserve judicial integrity by insuring that the conviction rests on appropriate consideration validly before the jury, and 3) as a remedy designed to deter further illegal conduct." United States v. Ornelas-Rodriguez, 12 F.3d 1339, 1349 (5th Cir. 1994). Zarate has not shown that the Government's actions in allowing the girl to participate in the controlled purchase or in obtaining the indictment were clearly unlawful under Texas or federal law. None of the cases on which Zarate relies establish that the district court's not dismissing sua sponte the indictment due to the girl's participation was clear or obvious error. See Bank of Nova Scotia v. United States, 487 U.S. 250, 254 (1988); United States v. Strouse, 286 F.3d 767, 772 (5th Cir. 2002).

Zarate's case is more similar to United States v. Ornelas-Rodriguez, 12 F.3d at 1349, involving alleged outrageous government conduct, an officer's sexual activities with a female codefendant, during the investigation of a criminal case. In

Ornelas-Rodriquez, the court held that it was not necessary to exercise its supervisory powers to dismiss the indictment; the court found that the witness would have assisted the Government without the sex, that there was no evidence that the Government or the court sanctioned the officer's actions, and that the Government presented additional evidence obtained independently from the sexual activities. Id. at 1349-50. Similarly, in the instant case, it was not necessary for the district court to exercise its supervisory power to dismiss the indictment because the Government presented testimony that the girl had purchased marijuana from Zarate three or four times during a three-week period preceding the controlled purchase. Zarate has not shown that the district court's not dismissing the indictment sua sponte based on the girl's participation in the controlled purchase was clear or obvious error. See Ornelas-Rodriquez, 12 F.3d at 1349-50.

AFFIRMED.